# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

**NASSER AHMED AMERI**                                                                                   **PETITIONER**

v.                    **4:02CR00182-01-WRW**
                      **4:07CV00123-WRW**

**UNITED STATES OF AMERICA**                                                                        **RESPONDENT**

## ORDER

Pending is Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255.[1] The United States of America has responded.[2]

**I.      BACKGROUND**

On January 13th, 2004, a jury found Petitioner guilty of eighteen counts related to production and possession of fraudulent documents, possession of document-making implements, social security fraud, theft of trade secrets (software), computer fraud, identity theft, possession of ammunition by an illegal alien, and making false statements.[3] On September 9,

---

[1] Doc. No. 135.

[2] Doc. No. 139.

[3] Specifically, Count 1 charged Petitioner with violating 18 U.S.C. § 1028(a)(5) (possession of a document making implement); Count 2 charged a violation of 18 U.S.C. § 1028(a)(3) (possession of five or more fraudulent documents); Count 3 charged a violation of 18 U.S.C. § 922(g)(5)(A) (being an alien in possession of ammunition); Counts 4 through 9 charged violation of 18 U.S.C. § 1028(a)(1) (production of fraudulent documents); Counts 10 through 13 charged violations of 42 U.S.C. § 408(a)(7)(B) (social security fraud); Count 14 charged a violation of 18 U.S.C. § 1030 (computer fraud); Counts 15 and 16 charged violations of 18 U.S.C. § 1001(a)(2) (making false material statements); Count 17 charged 18 U.S.C. § 1832(a)(2) (theft of a trade secret); and Count 18 charged a violation of 18 U.S.C. § 1028(a)(7).

1

2004, I sentenced Petitioner to 96 months in prison and ordered him to pay restitution in the amount of $1,405,694.00.[4] Petitioner filed an appeal, which was denied.[5] The Eighth Circuit Court of Appeals denied Petitioner's Motion for a Rehearing *En Banc*, and The United States Supreme Court denied Petitioner's request for review.[6]

## II. DISCUSSION

Petitioner asserts five grounds for relief: (1) ineffective assistance of counsel at all stages of trial; (2) prosecutorial misconduct; (3) scientific impossibility of evidence; (4) Petitioner was not an illegal alien; (5) ineffective assistance of counsel on appeal, in that counsel failed to raise the issues in claims (2), (3), and (4).[7]

### A. Claims (2), (3), and (4)

Petitioner has procedurally defaulted on claims (2), (3), and (4) by not raising them on direct appeal.[8] Where a petitioner has procedurally defaulted a claim by failing to raise it on direct appeal, the claim may be raised in a habeas petition only if the petitioner can first

---

[4] Doc. No. 123.

[5] *United States v. Ameri*, 412 F.3d 893, 895 (8th Cir. 2005).

[6] Doc. No. 134.

[7] Doc. No. 135.

[8] As to ground (2), see, *U.S. v. Little*, 608 F.2d 296, 300 (8th Cir. 1976) (holding that claims of prosecutorial misconduct known to the defendant at the time of trial must be raised by direct appeal and provide no basis for post-conviction relief); for grounds (3) and (4), see, *Cardarella v. U.S.*, 351 F.2d 443 (8th Cir. 1965) (holding that question of sufficiency of evidence or involving errors either of law or of fact must be raised by timely appeal, and not by motion attacking sentence).

demonstrate either "cause" and actual "prejudice,"[9] or that he is "actually innocent."[10] Here, Petitioner makes no claim of actual innocence. Additionally, Petitioner makes no claim of cause or prejudice within his explanation of claims (2), (3), and (4).

Accordingly, I will consider the merits of (2), (3), and (4) only to the extent that they provide the basis of Petitioner's claim of ineffective assistance of counsel on appeal.

### B. Ineffective Assistance of Counsel, Generally

To prevail on a claim of ineffective assistance of counsel, Petitioner must first show that his counsel's performance fell below an objective standard of reasonableness.[11] Petitioner must identify the acts or omissions of counsel that are alleged to have been the result of unreasonable professional judgment.[12] The court then must determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance.[13] Petitioner faces a great burden in that "judicial scrutiny of a counsel's performance is highly deferential" and "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."[14]

---

[9] *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977).

[10] *Murray*, 477 U.S. at 496; *Smith v. Murray*, 477 U.S. 527, 537 (1986).

[11] See *Strickland v. Washington*, 466 U.S. 668, 688 (1984); *Larson v. United States*, 833 F.2d 758, 759 (8th Cir. 1987).

[12] *Strickland*, 466 U.S. at 690.

[13] *Id.*

[14] *Strickland*, 466 U.S. at 689; *Driscoll v. Delo*, 71 F.3d 701, 706 (8th Cir. 1995).

Even if a court finds deficient performance of counsel, the petitioner also must establish prejudice.[15] To establish prejudice, a petitioner must demonstrate that, but for his counsel's errors, there is a reasonable probability the result of the proceeding would have been different.[16]

So, the test has two parts: (1) deficient performance and (2) prejudice. If Petitioner fails to establish either part of this test, I need not consider the remaining part of the test.[17]

### Claim (1):  Ineffective Assistance of Counsel at Trial

Petitioner first asserts that his trial counsel fell below an objective standard of reasonableness when she "failed to conduct an adequate factual investigation of the facts of the case."[18] Petitioner's only substantive explanation of how his counsel's investigation was deficient is that counsel "relied solely on [her] review of the Government's file," and misspent the remainder of her time "trying to convince the Petitioner to plead guilty to charges he was not guilty of."[19] As a result of this lack in preparation, Petitioner claims, counsel was unprepared "to try the case . . . file appropriate pretrial motions, and adequately conduct a thorough cross-examination of the Government's witnesses."[20] Additionally, Petitioner asserts, in vague and

---

[15] *Strickland*, 466 U.S. at 694.

[16] *Id.*, (where 'reasonable probability' is "a probability sufficient to undermine confidence in the [proceeding's] outcome."); *Larson*, 833 F.2d at 759.

[17] *Fields v. United States*, 201 F.3d 1025, 1027 (8th Cir. 2000).

[18] Doc. No. 135.

[19] *Id*.

[20] *Id.*

4

conclusory terms, that he would have been acquitted of various charges had his counsel conducted "a reasonable investigation of facts."[21]

Petitioner provides many bare assertions, but little or no actual examples of acts or omissions by counsel that constitute unreasonable professional judgment. A review of the record shows both an abundance of pretrial motions and thorough cross-examinations by counsel. That counsel's strategy included suggesting to Petitioner that he plea guilty is unsurprising in light of the "overwhelming"[22] amount of evidence against him.

Also, Petitioner's claim that his counsel was unprepared runs contrary to my recollection of the trial. I found that trial counsel was prepared and did as good a job as she could based on the circumstances resulting from Petitioner's refusal to participate in the trial. Additionally, during pretrial, I advised Petitioner against representing himself because his counsel: "in my observation, is an outstanding lawyer, very able lawyer, and in my opinion, you will be making a serious error if you dismiss her as your lawyer."[23]

Petitioner's claims about counsel's lack of preparation at trail do not raise even an initial concern for constitutional ineffectiveness. Also, Petitioner makes no showing of prejudice beyond his conclusory statements regarding acquittal.

Petitioner makes a separate claim that his counsel, during sentencing, "failed to effectively argue the holding in *Blakely v. Washington*, 542 U.S. 296 (2004) . . . which should have precluded the court from engaging in fact-finding for the purpose of enhancing Petitioner's

---

[21] *Id.*

[22] See *U.S. v. Ameri*, 412 F.3d at 895 (The Eighth Circuit stated that, "The evidence against Mr. Ameri as to his various offenses was overwhelming and we need not recite it here.").

[23] Doc. No. 98, p. 57.

sentence."[24] Petitioner's position is wholly unsupported by the facts.[25] Additionally, the Eighth Circuit addressed this issue on direct appeal.[26]

Petitioner also claims that his trial counsel was computer illiterate and failed to obtain appropriate technical experts for defense. Petitioner asserts that, had counsel obtained technical assistance, she " would have established that it was technically impossible for Petitioner to have produced the identification at home."[27] The exact method of producing the documents in question -- at home or otherwise -- was not an issue to be proven at trail. Accordingly, there can be no prejudice from counsel's decision not to call an expert.

Lastly, Petitioner claims that his trial counsel was ineffective because she did not call witnesses to testify that the software at issue was provided to him during the course of his employment. Petitioner's conviction, however, was based on the fact that he possessed the software without lawful authority, and was in possession of the software more than two years after the termination of his employment.[28] Counsel's decision not to call rebuttal witnesses on this issue is hardly a basis for prejudice.

---

[24] *Id*.

[25] Petitioner's counsel addressed the *Blakely* holding at sentencing. See generally, Doc. No. 126, 127, and 128.

[26] See *Ameri*, 412 F.3d at 899.

[27] Doc. No. 135.

[28] Doc. No. 139.

Petitioner's various allegations of ineffective assistance of counsel at trial are without merit and fail to warrant relief under § 2255.[29]

### Claim (5):   Ineffective Assistance of Counsel on Appeal

Petitioner claims that his appellate counsel was ineffective because his counsel failed to raise claims (2), (3), and (4) on appeal.[30]

First, as to claim (4), the record plainly establishes Petitioner's alien status.[31] Since Petitioner's claim lacks merit, there can be no prejudice from appellate counsel not raising the issue on appeal.[32]

In claim (3), Petitioner asserts that it was "scientifically impossible" to have committed the crimes alleged in Counts 1, 2, and 4-9, because he was lawfully in possession of the documents and the document making software through the course of his employment.[33] The record, however, demonstrates that Petitioner was not an employee at the time of his charged

---

[29] See *Sanders v. U.S.*, 341 F.3d 720, 722 (8th Cir. 2003) ("A § 2255 motion 'can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'").

[30] (2) prosecutorial misconduct; (3) insufficient and scientifically unreliable evidence; and (4) Petitioner not an illegal alien.

[31] Doc. No. 139.

[32] See *Kitt v. Clarke*, 931 F.2d 1246, 1250 (8th Cir. 1991) (holding that petitioner's claims lacked factual and legal merit, appellate counsel's failure to raise these arguments on appeal could not have prejudiced the defendant and cannot constitute ineffective assistance of appellate counsel).

[33] Doc. No. 135.

conduct and had no authority to possess the software.[34] Here, again, the claim lacks merit, and there can be no prejudice from appellate counsel's failure to raise the issue on appeal.[35]

Finally, in claim (2), Petitioner asserts that the Prosecution engaged in prosecutorial misconduct "in that the Prosecution utilized testimony in the case which it knew or should have known was untrue."[36] To support of this claim, Petitioner simply asserts that the testimony was false and that the Prosecution knew or should have known the testimony was false. The burden of proof is on the defendant,[37] and his unsupported accusations fail to meet the burden.

Petitioner's various allegations of ineffective assistance of counsel on appeal do not provide a basis of relief under § 2255.[38]

## **CONCLUSION**

Based on the findings of fact and conclusions of law above, Petitioner's Motion to Vacate, Set Aside, or Correct his sentence under 28 U.S.C. § 2255 is DENIED.

IT IS SO ORDERED this 2nd day of July, 2007.

/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE

---

[34] Doc. No. 139.

[35] *Kitt*, 931 F.2d at 1250.

[36] Doc. No. 135.

[37] See *Crismon v. U.S.*, 510 F.2d 356, 357 (8th Cir. 1975).

[38] See *Sanders.*, 341 F.3d at 722.